IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID EARNEST, et al., | No. C 12-03718 YGR (PR) |
| Plaintiffs, | **ORDER OF DISMISSAL WITHOUT PREJUDICE** |
| vs. | |
| SENATOR HARRY REID, et al., | |
| Defendants. | |

On July 16, 2012, Plaintiff David Earnest, a federal prisoner currently incarcerated at the United States Penitentiary in Allenwood ("USP-Allenwood"), filed the present *pro se* complaint, purportedly on behalf of himself and three other named Plaintiffs.[1] He also seeks class certification and appointment of "class action counsel to represent Plaintiffs." (Docket No. 3.)

On that same date, Plaintiff Earnest filed a letter stating that he "will pay the full filing fee of $350.00 to the Clerk of the Court." (July 16, 2012 Letter at 1.) He claims that on July 9, 2012 he gave his counselor at USP-Allenwood "a release of funds in the amount of $350.00 off [his] account to the Clerk of the Court of this Court." (*Id.*) To date, no such filing fee has been received by the Clerk.

Also on that same date, the Clerk sent a notice to Plaintiff, informing him that his action could not go forward until he paid the filing fee or filed a completed prisoner's *in forma pauperis* application. The Clerk sent Plaintiff a blank *in forma pauperis* application and told him that he must pay the fee or return the completed application within thirty days or his action would be dismissed. More than thirty days have passed and Plaintiff has not paid the filing fee, returned the *in forma pauperis* application or otherwise communicated with the Court. Accordingly, this action is DISMISSED WITHOUT PREJUDICE against Plaintiff Earnest for this reason.

In the alternative, another basis to dismiss this action against Plaintiff Earnest as well as the other named Plaintiffs involves the Court's consideration of Plaintiff Earnest's request to bring this

---

[1] Since this case was filed, another Plaintiff -- William Diekerson -- has requested to "add [his] name to the class action lawsuit" filed by Plaintiff Earnest. (Docket No. 5.) Because the Court will be dismissing this class action, it need not consider this request.

1 suit as a class action.  The prerequisites to maintenance of a class action are that (1) the class is so
2 numerous that joinder of all members is impracticable, (2) there are common questions of law and
3 fact, (3) the representative party's claims or defenses are typical of the class claims or defenses, and
4 (4) the representative party will fairly and adequately protect the class interests.  Fed. R. Civ. P.
5 23(a).

6 Unfortunately for Plaintiff Earnest, his requests for class certification and for appointment of
7 counsel to represent the class (Docket No. 3) are DENIED because it is well established that *pro se*
8 incarcerated plaintiffs are not adequate class representatives able to fairly represent and adequately
9 protect the interests of the class.  *See Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975);
10 *Griffin v. Smith*, 493 F. Supp. 129, 131 (W.D.N.Y. 1980).  Plaintiff Earnest may not proceed on
11 behalf of anyone other than himself.  *See Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962)
12 ("a litigant appearing *in propria persona* has no authority to represent anyone other than himself").
13 Accordingly, this case is DISMISSED against all named Plaintiffs without prejudice to Plaintiff
14 Earnest filing a new action solely on his own behalf and the other named Plaintiffs filing their own
15 actions as well.

16 The Clerk shall enter judgment, terminate all pending motions (Docket Nos. 3, 5), and close
17 the file.

18 IT IS SO ORDERED.
19 DATED:  August 21, 2012
20 **YVONNE GONZALEZ ROGERS**
   **UNITED STATES DISTRICT COURT JUDGE**

G:\PRO-SE\YGR\CR.12\Earnest3718.DISIFP&Dismiss(class).frm    2